IN THE UNITED STATE DISTRICT COURT FOR MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| ELLIE NASH<br>3510 KIOWA BOULEVARD N<br>LAKE HAVASU CITY, AZ 86404<br><br>　　Plaintiff,<br><br>v.<br><br>SIERRA NEVADA CORPORATION<br>444 SALOMON CIRCLE<br>SPARKS, NV 59434<br><br>　　Serve: CSC Lawyers Incorporating Service<br>　　　　　7 St. Paul Street, Suite 820<br>　　　　　Baltimore, MD 21202<br><br>　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:  Civil Action No.:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff, Ellie Nash by and through her undersigned counsel for hereby sues Defendant, Sierra Nevada Corporation for employment discrimination based upon her sex (female) in violation of Maryland Code Ann [St. Gov.] §20-601 et. seq. and violation of Title VII of the Civil Rights Act of 1964 and for violation of the Maryland Equal Pay Act, MD Code Ann [Lab. & Emp.], §3-301, et seq., and the Equal Pay Act of 1963, 29 USC § 206(d) (EPA).

## PARTIES

1. Plaintiff is an adult citizen of the State of Arizona.

2. Defendant is a Nevada Corporation, duly authorized to operate in Maryland and maintains a place of business in Hagerstown, MD.

3. Defendant is a large government contractor with more than 4,000 employees and multi billions of dollars in annual revenue.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 for claims arising under federal law, i.e., 42 U.S.C §2000(e) et. seq., because this matter is based on a question of federal law.

5. Venue in this matter is proper based on 28 U.S.C. §1391.

6. Plaintiff was an employee of Defendant at its location in Hagerstown, Maryland.

## FACTS OF THE CASE

7. Plaintiff (female) was an employee of Defendant, at both its Denver, CO Hagerstown, Maryland location from June 2008 through and including April 15, 2021. Plaintiff was in the Denver office from June 2008-May 2015.

8. She was employed as a Mechanical Engineer, Sr, earning a base wage rate of $130,000.00.

9. In or about January 2019, Plaintiff was given a performance rating that was artificially low and resulted in a lower pay increase than her similarly situated male co-workers.

10. At least one male co-worker was rated lower and was given a larger pay increase.

11. Plaintiff and another female co-worker, Brenda Barkdoll, were not able to appeal their low performance evaluations.

12. Two other male co-workers, Peter Ban and Brandon Richards, were allowed to appeal their low performance evaluations and were provided pay raises based on their successful appeals of their performance ratings.

13. In or about May 2019, Plaintiff was denied a promotion to Mechanical Engineer, Principal, despite exceeding the qualifications for the promotion.

14. Two less qualified male employees, Sam Summerford and Lucas Berhans, were promoted even though they did not meet the requirements criteria in the responsibility matrix.

15. In or about 2018, Peter Ban made derogatory statements about Jews, Blacks, Muslims and homosexuals.

16. Mr. Ban was Plaintiff's supervisor at the time he made these offensive comments.

17. In addition, Mr. Ban stated "women should not be allowed to have abortions or be allowed to take birth control."

18. Plaintiff along with one other female and one male also reported these statements to HR, but nothing was ever done to Mr. Ban, who was subsequently provided a substantial pay raise that Plaintiff did not receive.

19. Defendant claims to have a "pay for performance" pay plan, but regularly rewards male employees with higher pay despite those male employees having lower performance ratings than Plaintiff and other similarly situated female employees.

20. During her tenure, Plaintiff has consistently been paid less than her male counterparts, promoted more slowly than her male counterparts and subjected to different terms and conditions of employment than her male counterparts solely on the basis of her sex (female).

21. Defendant told Plaintiff that the only way she could be promoted was to participate in extra-curricular activities such as the safety team.

22. Similarly situated male engineers were regularly promoted without fulfilling any extra-curricular requirements.

23. On or about April 15, 2021, Plaintiff was constructively discharged from her employment with Defendant.

24. On or about June 3, 2019, Plaintiff filed a Charge with the Equal Employment Opportunity Commission (EEOC), Charge No. 531-2019-02349, which was cross filed with the Maryland Commission on Civil Rights.

25. On or about February 22, 2021, EEOC issued its Right to Sue Letter. Plaintiff received the Right to Sue letter on or about February 24, 2021.

**COUNT I**
**SEX BASED DISCRIMINATION**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

26. Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

27. Pursuant to Title VII of the Civil Rights Act of 1964, it is unlawful for an employer to discriminate against an employee on the basis of her sex.

28. Defendant has an affirmative obligation to provide a workplace that is free from harassment and discrimination.

29. Plaintiff was subjected to unequal terms and conditions of her employment on the basis of her sex including performance evaluations, pay increases and promotions.

30. Plaintiff has suffered and continues to suffer harm and damages as a direct and proximate result of Defendant's unlawful actions.

**COUNT II**
**SEX BASED DISCRIMINATION**
**VIOLATION OF MARYLAND LAW**

31. Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

32. Pursuant to Md. Code Ann. [St. Gov.] s20-601, et. seq., it is the policy of the State of Maryland to assure all persons equal opportunity in receiving employment regardless of sex as well as to prohibit discrimination in employment based on sex.

33. Defendant has an affirmative obligation to provide a workplace that is free from discrimination.

34. Defendant subjected Plaintiff to unequal terms and conditions of her employment on the basis of her sex including performance evaluations, pay increases and promotions.

35. Plaintiff has suffered and continues to suffer harm and damages as a result of Defendant's actions and inaction.

## COUNT III
## VIOLATION OF THE MARYLAND EQUAL PAY ACT
## MD CODE ANN. [LAB. & EMP.]§3-301, ET SEQ.

36. Plaintiff hereby realleges all of the allegations contained in this Complaint.

37. Plaintiff performed exactly the same work as her male counterparts, yet she received substantially less pay, in direct violation of the Md. Equal Pay Act.

38. The Md. Equal Pay Act states, in pertinent part:

§3–304.
(a) An employer may not discriminate between employees in any occupation by paying a wage to employees of one sex at a rate less than the rate paid to employees of the opposite sex if both employees work in the same establishment and perform work of comparable character or work on the same operation, in the same business, or of the same type.

39. Defendant willfully and intentionally violated the clear prohibitions against lower wages to women for the same work.

40. Plaintiff has suffered and will continue to suffer harm and damages as a direct and proximate result of Defendant's actions.

## COUNT IV
## VIOLATION OF THE EQUAL PAY ACT OF 1963
## 29 USC §206(d)

41. Plaintiff hereby realleges all of the allegations contained in this Complaint.

42. Plaintiff performed exactly the same work as her male counterparts, yet she received substantially less pay, in direct violation of the EPA.

43. The Equal Pay Act states, in pertinent part:

(d) Prohibition of sex discrimination

(1) No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions

44. Defendant willfully and intentionally violated the clear prohibitions against lower wages to women for the same work.

45. Plaintiff has suffered and will continue to suffer harm and damages as a direct and proximate result of Defendant's actions.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant for

A. On Count I (Violation of Title VII of the Civil Rights Act of 1964, economic damages in the amount of $130,000.00 and Compensatory Damages in the Amount of $300,000.00;

B. On Count II (Violation of Md. Code Ann. [St. Gov] s20-601, et. seq.), economic damages in the amount of $130,000.00 and Compensatory Damages in the Amount of $300,000.00;

  C. Enter judgment against Defendant and in favor of Plaintiff on Count I (Violation of the Maryland Equal Pay Act) in an amount (a) equal to the difference in pay received by Plaintiff compared to her male counterparts (b) for liquidated damages, and (c) for Plaintiff's reasonable attorneys' fees and costs;

  D. Enter judgment against Defendant and in favor of Plaintiff on Count II (Violation of the Equal Pay Act of 1963) in an amount (a) equal to the difference in pay received by Plaintiff compared to her male counterparts (b) for liquidated damages, and (c) for Plaintiff's reasonable attorneys' fees and costs;

  E. Award Plaintiff all of her fees and costs associated with this matter, including her attorneys' fees; and

  F. Such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

## **JURY TRIAL**

  Plaintiff requests that all matters in this case be tried by a jury.

Dated: May 10, 2021    Respectfully Submitted,

           /s/Neil S. Hyman
           Neil S. Hyman, Esquire
           Federal Bar ID: 15158
           Law Office of Neil S. Hyman, LLC
           4520 East West Highway, Suite 700
           Bethesda, Maryland 20814
           301-841-7105 (p)
           neil@neilhymanlaw.com
           *Counsel for Plaintiff*